## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2019, 11:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Maurice Devin Horton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 29, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1079<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy Jones, Judge<br>The Honorable Therese Hannah, Commissioner<br><br>Trial Court Cause No.<br>49G08-1812-CM-44616 |

**Baker, Judge.**

[1]     On December 19, 2018, the State charged Maurice Horton with three counts of Class A misdemeanor resisting law enforcement and one count of Class B misdemeanor battery. The State dismissed the battery count before trial. Following a bench trial, the trial court found Horton guilty of one count of resisting law enforcement and not guilty of the other two counts. Horton was sentenced to 365 days, with 359 days suspended and 180 days of probation.

[2]     The chronological case summary reflects that Horton was acquitted of two resisting charges and that the State dismissed the battery charge. Appellant's App. Vol. II p. 7. The written sentencing order, however, shows that Horton was convicted of one of the resisting counts, but is silent as to the other charges. Appealed Order p. 1. Horton appeals, asking that we remand so that the sentencing order can be modified.

[3]     The State notes that Horton has not offered any authority stating that trial courts are required to note the disposition of all charges in a sentencing order. Notwithstanding a lack of authority standing for that proposition, however, we believe that the better practice is for sentencing orders to be complete and accurate with respect to the charges that were tried. Therefore, we remand with instructions to amend the sentencing order by adding the other two resisting law enforcement counts and indicating that Horton was acquitted of those charges. We do not believe it necessary to add the battery charge because the State voluntarily dismissed that count prior to trial.

The judgment of the trial court is remanded with instructions.

Kirsch, J., and Crone, J., concur.